IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MARC J. THOMPSON,

                        Petitioner,

            v.                              CASE NO. 12-3016-SAC

DAVID McKUNE, et al.,

                        Respondents.


MEMORANDUM AND ORDER


    This matter is a petition for habeas corpus filed pursuant to
28 U.S.C. § 2254. Petitioner challenges his conviction in the District
Court of McPherson County, Kansas, of Aggravated Indecent Liberties
with a Child in violation of K.S.A. 21-3504(a)(3)(A).

*Background*

    Petitioner was convicted in January 2004, following a jury trial.
He was sentenced in May 2004 to a term of 94 months. The Kansas Court
of Appeals (KCOA) affirmed the conviction on August 5, 2005. *State
v. Thompson*, 116 P.3d 770, 2005 WL 1868919 (Kan. App. 2005). The Kansas
Supreme Court denied review on November 1, 2005.

    On November 2, 2006, petitioner filed a state post-conviction
action pursuant to K.S.A. 60-1507. The district court conducted a
hearing and denied relief on January 30, 2008. The KCOA affirmed the
denial of relief. *Thompson v. State*, 208 P.3d 808, 2009 WL 1692244
(Kan. App. 2009). The Kansas Supreme Court granted review and affirmed
the denial of relief on December 30, 2011. *Thompson v. State*, 270 P.3d
1089 (Kan. 2011). Petitioner timely filed this action on January 11,

2012.

The facts were summarized by the KCOA as follows:

In the fall of 2002, S.T., Thompson's daughter lived in
Citrus Heights, California, where she was questioned by
local law enforcement officers during an investigation to
determine if her personal safety was at risk. Because of
her responses about possible sexual activity she was placed
in the custody of the California child protective services.

Shortly after her placement, forensic interview specialist
Stephanie Linka interviewed S.T. at a center specially
designed for videotaped interviews with children. During
the interview, S.T. answered questions and marked on
anatomical drawings as she described her sexual activity
with Thompson when their family lived in McPherson, Kansas,
during July 2002. At trial, Linka testified that frequent
breaks – every 10 minutes or so – are necessary during such
an interview because it is difficult for small children to
sit in a chair for long periods. During these breaks, S.T.
was kept in a separate play area away from all other persons
while Linka conferred with the detective assigned to the
case. S.T. was not a party to any conversation with anyone
during these breaks.

In due course, the McPherson County District Attorney's
office filed a complaint and issued an arrest warrant for
Thompson; at the time, Thompson was in a California prison
on an unrelated charge. Thompson later returned to Kansas
to stand trial. S.T.'s mother, L.T., Stephanie Linka, and
the investigating detective testified for the State. Social
worker and child therapist Ruth Porisch appeared as an
expert and the only witness for the defense. The jury
convicted Thompson of aggravated indecent liberties with
his 4-year-old daughter. *State v. Thompson*, 2005 WL 1868919
at*1.

Petitioner seeks relief from the conviction on the grounds that

he was denied effective assistance of counsel by both trial and

appellate counsel, that the jury was biased and improperly influenced

by the trial judge, that there was prosecutorial misconduct, and that

cumulative error rendered the trial fundamentally unfair.

*Discussion*

*Standard of review*

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, where a state court has adjudicated a claim, habeas corpus relief may be granted only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).

When the state court has applied the appropriate federal law, the federal court may consider only whether the law was applied in an objectively reasonable manner. *See Bell v. Cone*, 535 U.S. 685, 699 (2002); *Hooks v. Workman*, 689 F.3d 1148, 1163 (10th Cir. 2012). To meet the "unreasonable application" standard set out in the statute, there must be more than clear error. *See House v. Hatch*, 527 F.3d 1010, 1019 (10th Cir. 2008)("[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." (citations omitted)).

A federal court conducting a review of state criminal proceedings in habeas corpus is not a super-state appellate court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). To obtain relief, a petitioner must show that the state court decision is "objectively unreasonable." *Williams v. Taylor*, 529

U.S. 362, 409 (2000)(O'Connor, J., concurring). "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir. 2006).

A factual determination by a state court is presumed to be correct. The habeas petitioner has the burden of rebutting that presumption "by clear and convincing evidence." 28 U.S.C. §2254(e)(1).

*Ineffective assistance of trial counsel*

In order to establish this claim, petitioner must show both that his attorney's performance was deficient and that the deficiency prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by showing that the attorney performed below the level expected from a reasonably competent attorney in criminal cases. *Id.* at 687-88. The standard is deferential, and there is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id.* at 688. To show prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

A federal court reviewing a claim of ineffective assistance of counsel may grant relief only if the petitioner overcomes the "doubly deferential" threshold imposed by the standards in § 2254(d) and *Strickland. Cullen v. Pinholster*, ___ U.S. ___,___, 131 S.Ct. 1388, 1403 (2011).

Petitioner identifies five errors by trial counsel, namely, (1) the failure to provide a proper expert witness; (2) the failure to challenge the videotaped evidence; (3) the failure to call the victim to the stand; (4) countless trial errors, and (5) the failure to provide a full voir dire. Respondents contend that only the first three claims are preserved for habeas corpus review.

*Expert witness*

Petitioner alleges his counsel provided ineffective assistance by failing to seek an independent psychological evaluation of the victim. The Kansas Supreme Court, while rejecting the explanation offered by counsel, namely, that the victim resided in another state and was under the control of her mother, concluded that a motion for such a psychological evaluation would have failed under state law. *Thompson v. State*, 270 P.3d 1089, 1098-99 (Kan. 2011).  The Kansas Supreme Court reviewed the six factors to be considered by a court in determining whether to order an independent psychological evaluation and concluded that petitioner had not shown that these factors applied to the victim. *Id.* at 1099 (applying *State v. Berriozabal*, 243 P.3d 352 (Kan. 2010)).

A federal habeas court does not review a state court's interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, this court accepts the determination that a motion for an independent evaluation of the victim would have failed under state law. Accordingly, there was no error and petitioner's counsel did not provide ineffective assistance by failing to secure an expert witness. *See United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006)(attorney's failure to present meritless issue is not ineffective assistance).

*Challenge to videotaped evidence/right to confrontation*

Petitioner's counsel stipulated to the admission of the videotaped interview with the victim, petitioner's then four-year-old daughter. The parties informed the trial court that all agreed to present the videotape, and petitioner stated on the record that he agreed to the use of the videotape.[1] Petitioner now asserts this was ineffective assistance.

During a hearing conducted on petitioner's state post-conviction motion, counsel testified that the decision to stipulate to the videotape was made to avoid placing the child victim on the stand. Counsel testified that he had concerns about the reliability of the interview due to off-camera breaks taken during the interview and that he called Ruth Porisch, a social worker and child therapist, to testify about the interview procedure. Counsel elicited her testimony to suggest that the victim had been coached, although the trial court ruled that Ms. Porisch could not testify directly to that point. Trial counsel also testified that he discussed with petitioner the decision whether to place the victim on the stand, and petitioner did not want the child to feel responsible for her father's incarceration.

In contrast, petitioner testified at the evidentiary hearing that counsel had refused to call the child victim to testify, thereby depriving him of the right to confrontation.

Following the hearing, the trial judge found that trial counsel's testimony was more credible than petitioner's testimony and denied relief. The Kansas Supreme Court found no error, noting both that counsel developed a strategy to attack the videotaped interview without directly attacking the young victim and that petitioner had

---

[1] Rec. Vol. XII, p. 27.

acknowledged his agreement with the stipulation on the record at trial. The Kansas Supreme Court correctly noted that it was bound by the credibility determination of the trial judge, and it found no error by trial counsel.

This court finds no error. The Kansas Supreme Court considered the record and reasonably applied the *Strickland* standard.

*Claims of multiple errors and voir dire error*

Respondent asserts these claims are procedurally defaulted. If a petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred…there is a procedural default." *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991). Under the doctrine of procedural default, the federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

To establish cause for a procedural default, petitioner must show that an objective factor external to the defense impeded his ability to comply with the governing procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). In addition, petitioner must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

Finally, to avoid the procedural default bar under the fundamental miscarriage of justice exception, petitioner must present a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *Brecheen v. Reynolds*, 41 F.3d 1343, 1356 (10th

Cir. 1994), *cert. denied*, 515 U.S. 1135 (1995).

The court has studied the record and finds no evidence that the claims of jury bias, improper judicial influence, inadequate voir dire examination, and improper evidence were exhausted in the state courts.[2] Petitioner's failure to properly exhaust these claims bars them from consideration in habeas corpus.

*Cumulative error*

Petitioner asserted in his action under K.S.A. 60-1507 that the multiple errors committed by his trial counsel caused a cumulative effect that denied him a fair trial. The Kansas Supreme Court rejected this argument, finding the state cumulative error rule did not apply because no error was found in the case.

The Tenth Circuit has summarized the framework for analyzing a claim of cumulative error as follows:

> "In the federal habeas context, a cumulative-error analysis aggregates all constitutional errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." *Alverson v. Workman*, 595 F.3d 1142, 1162 (10th Cir. 2010)(internal quotation marks and brackets omitted). "[A]s the term 'cumulative' suggests,…we undertake a cumulative-error analysis only if there are at least two errors." *Hooks [v. Workman*, 698 F.3d 1148] at 1194-95 (10th Cir. 2012). *Lott v. Trammell*, ___ F.3d ___, ___ 2013 WL 142067,*54 (10th Cir. Jan. 14, 2013).

The court has found no constitutional error in this matter, and there is no basis to support a claim of cumulative error. This claim is without merit.

---

[2] These claims are distinct from petitioner's assertion of cumulative error, which was presented in petitioner's action under K.S.A. 60-1507.

*Claims of ineffective assistance by appellate counsel and prosecutorial misconduct*

Petitioner sought to add claims including prosecutorial misconduct and ineffective assistance of appellate counsel in a motion to amend his action brought under K.S.A. 60-1507. The state district court dismissed these claims because the amended motion was filed outside the statute of limitations.

The Kansas Court of Appeals upheld the dismissal of these claims under state case law, and the Kansas Supreme Court, undertaking a detailed examination of the governing state statutes, upheld the refusal of the trial court to consider certain claims contained in the amended motion.

These claims are procedurally barred. The state courts determined that he failed to present them in a timely manner, and petitioner has not established either cause and prejudice or a fundamental miscarriage of justice.

### Conclusion

For the reasons set forth, the court concludes petitioner is not entitled to habeas corpus relief.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED petitioner's motion for an extension to file a reply (Doc. 18) is denied as moot; petitioner subsequently filed a traverse.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 18th day of January, 2013, at Topeka, Kansas.


                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge